■ CRYSTLE LaPIERRE, Respondent, v JEWISH BOARD OF FAMILY AND CHILDREN SERVICES, INC., Appellant. [850 NYS2d 595]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated April 25, 2007, which, following an in camera inspection, in effect, granted the plaintiff's motion to compel the disclosure of certain documents and denied its cross motion for a protective order.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion to compel the disclosure of certain documents is denied, and the defendant's cross motion for a protective order is granted.

While CPLR 3101 (a) provides that "there shall be full disclosure of all matter material and necessary in the prosecution . . . of an action" (*see Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406 [1968]), "unlimited disclosure is not permitted" (*Silcox v City of New York,* 233 AD2d 494, 494 [1996]). It is well settled that certain documents generated in connection with the "performance of a medical or a quality assurance review function" are not subject to disclosure (Education Law § 6527 [3]; *see* Education Law § 6527 [5]; Public Health Law § 2805-m [3]; *Buckley v Litman,* 57 NY2d 516, 518-519 [1982]; *Shapiro v Central Gen. Hosp.,* 251 AD2d 317 [1998]; *Heitman v Mango,* 237 AD2d 330 [1997]). Similarly, also pursuant to Education Law § 6527 (3), no "reports which are required to be filed under Public Health Law § 2805-*l* shall be subject to disclosure under CPLR article 31" (*Marte v Brooklyn Hosp. Ctr.,* 9 AD3d 41, 42 [2004]). Here, the defendant sustained its burden of demonstrating that the documents sought were prepared in accordance with the relevant statutes (*see Marte v Brooklyn Hosp. Ctr.,* 9 AD3d at 42; *Orner v Mount Sinai Hosp.,* 305 AD2d 307, 311 [2003]). Accordingly, the court erred in directing their disclosure. Rivera, J.P., Florio, Carni and Balkin, JJ., concur.