■■■ Isidoro DeLeon, Appellant, v State of New York, Respondent. (Claim No. 110416.) [858 NYS2d 616]—Appeal from an order of the Court of Claims (Philip J. Patti, J.), entered November 30, 2005. The order, insofar as appealed from, denied that part of claimant's motion seeking assignment of counsel and denied that part of the motion with respect to certain requests to compel disclosure.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Claimant, an inmate in a correctional facility, commenced this action seeking damages for injuries he allegedly sustained when he was assaulted by correction officers and denied appropriate medical treatment following the assault. The Court of Claims properly exercised its discretion insofar as it denied that part of claimant's motion seeking assignment of counsel (see generally Matter of Smiley, 36 NY2d 433, 439 [1975]), and denied that part of the motion with respect to certain requests to compel disclosure pursuant to CPLR 3124. "While disclosure provisions are to be liberally construed, the trial court is vested with broad discretion to supervise discovery and determine what is 'material and necessary' under CPLR 3101 (a)" (Mora v RGB, Inc., 17 AD3d 849, 851 [2005]). Here, there has been no showing of the requisite " 'clear abuse of discretion [to] prompt appellate action' " with respect to claimant's disclosure requests (Community Dev. Assn. v Warren-Hoffman & Assoc., 4 AD3d 755 [2004]). Present—Hurlbutt, J.P., Martoche, Smith, Green and Pine, JJ.

■■■ The People of the State of New York, Respondent, v Joseph M. Smith, Appellant. [858 NYS2d 645]—Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered September 13, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.