■ BOARD OF MANAGERS OF THE PARK REGENT CONDOMINIUM, Respondent, v PARK REGENT ASSOCIATES, Also Known as PARK REGENT UNIT OWNERS ASSOCIATES, Defendants, and DAVID DOO, Appellant. [910 NYS2d 654]—

In an action, inter alia, to recover damages for fraud and conversion, the defendant David Doo appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated July 27, 2009, which denied his motion, among other things, pursuant to CPLR 3124 and 3126 to compel certain discovery or, in the alternative, to preclude the plaintiff from adducing certain evidence at trial, and granted the plaintiff's cross motion for a protective order vacating his demand for a bill of particulars and inspection.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the appellant's motion, inter alia, pursuant to CPLR

3124 and 3126 to compel certain discovery or, in the alternative, to preclude the plaintiff from adducing certain evidence at trial, and granting the plaintiff's cross motion for a protective order vacating his demand for a bill of particulars and inspection. "Where, as here, discovery demands are palpably improper in that they are overbroad, lack specificity, or seek irrelevant or confidential information, the appropriate remedy is to vacate the entire demand rather than to prune it" (*Bell v Cobble Hill Health Ctr., Inc.*, 22 AD3d 620 [2005]; *see Astudillo v St. Francis-Beacon Extended Care Facility, Inc.*, 12 AD3d 469, 470 [2004]; *Latture v Smith*, 304 AD2d 534, 536 [2003]). "[I]t is not for the courts to correct a palpably bad" discovery demand (*Lopez v Huntington Autohaus*, 150 AD2d 351, 352 [1989]).

The appellant's remaining contentions are without merit. Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.