■ CHARLOTTE KREGG, as Guardian of CHRISTOPHER M. WIL-
LIAMS, Appellant, v EILEEN MALDONADO et al., Defendants, and
AMERICAN SUZUKI MOTOR CORPORATION et al., Respondents. [951
NYS2d 301]—

Appeal from an order of the Supreme Court, Erie County
(John L. Michalski, A.J.), entered August 5, 2011. The order,
insofar as appealed from, granted that part of the motion of de-
fendants American Suzuki Motor Corporation and Suzuki Mo-
tor Corporation of Japan seeking to compel plaintiff to disclose
computer records regarding the use of social media.

It is hereby ordered that the order insofar as appealed from is
unanimously reversed on the law without costs and that part of
the motion seeking disclosure of all social media account rec-
ords maintained by or on behalf of Christopher M. Williams is
denied in accordance with the following memorandum: Plaintiff,
as limited by her brief, appeals from an order insofar as it
granted that part of the motion of defendants Suzuki Motor
Corporation of Japan and American Suzuki Motor Corporation
(collectively, Suzuki defendants) to compel the disclosure of all
social media account records concerning plaintiff's son (hereaf-
ter, injured party), who was involved in a motor vehicle accident
while driving a motorcycle manufactured and distributed by the

Suzuki defendants. After initial disclosure exchanges, the Suzuki defendants learned that family members of the injured party had established Facebook and MySpace accounts for him and had made Internet postings on his behalf in connection with those accounts. The Suzuki defendants moved, inter alia, to compel the disclosure of the "entire contents" of those and any other social media accounts maintained by or on behalf of the injured party. Plaintiff objected to such disclosure on the grounds of relevance and burden, contending that the demand for disclosure was a "fishing expedition." Supreme Court agreed with the Suzuki defendants that they were entitled to such disclosure. That was error.

Although CPLR 3101 (a) provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action," it is well settled that a party need not respond to discovery demands that are overbroad (*see Optic Plus Enters., Ltd. v Bausch & Lomb Inc.*, 35 AD3d 1263, 1263 [2006]). Where discovery demands are overbroad, " 'the appropriate remedy is to vacate the entire demand rather than to prune it' " (*Board of Mgrs. of the Park Regent Condominium v Park Regent Assoc.*, 78 AD3d 752, 753 [2010]). In *McCann v Harleysville Ins. Co. of N.Y.* (78 AD3d 1524, 1525 [2010]), we addressed a similar discovery demand and concluded that the request for access to social media sites was made without "a factual predicate with respect to the relevancy of the evidence" (*see Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420, 421 [1989]). Here, as in *McCann*, there is no contention that the information in the social media accounts contradicts plaintiff's claims for the diminution of the injured party's enjoyment of life (*cf. Romano v Steelcase Inc.*, 30 Misc 3d 426, 427 [2010]). As in *McCann*, the proper means by which to obtain disclosure of any relevant information contained in the social media accounts is a narrowly-tailored discovery request seeking only that social-media-based information that relates to the claimed injuries arising from the accident. Thus, we deny that part of the Suzuki defendants' motion to compel the disclosure of the entire contents of the injured party's social media accounts, without prejudice to the service of a more narrowly-tailored disclosure request. Present—Scudder, P.J., Centra, Carni, Sconiers and Martoche, JJ.