■ JILL MEYER, M.D., Appellant, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Defendants. MONTEFIORE MEDICAL CENTER, Nonparty Respondent. [965 NYS2d 512]—In an action, inter alia, to recover damages for breach of contract and defamation, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated May 5, 2011, which, after an in camera inspection, in effect, denied her motion to compel production of certain documents withheld by the nonparty

Montefiore Medical Center based upon the privileges set forth in Education Law § 6527 and Public Health Law § 2805-m and granted the cross motion of the nonparty Montefiore Medical Center for a protective order with respect to those documents.

Ordered that the order is affirmed, with costs.

Upon our in camera inspection of the documents at issue on appeal, and upon application of the relevant law pertaining to Education Law § 6527 (3), Public Health Law § 2805-m, and civil disclosure in general (see CPLR 3101 [a]), we conclude that the Supreme Court providently exercised its discretion by, in effect, denying the plaintiff's motion to compel production of those documents and granting the cross motion of the nonparty Montefiore Medical Center for a protective order with respect to those documents (see Logue v Velez, 92 NY2d 13, 15-19 [1998]; LaPierre v Jewish Bd. of Family & Children Servs., Inc., 47 AD3d 896 [2008]; Bernholc v Kitain, 294 AD2d 387, 387-388 [2002]; Scinta v Van Coevering, 284 AD2d 1000, 1001-1002 [2001]; Matter of Albany Med. Ctr. Hosp. v Denis, 161 AD2d 1030, 1030-1031 [1990]; Parker v St. Clare's Hosp., 159 AD2d 919, 919-921 [1990]).

The plaintiff's contention with respect to waiver is without merit. Mastro, J.P., Rivera, Hall and Miller, JJ., concur.