In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Board of Assessment Review for the Town of Babylon, dated July 15, 2009, which denied the petitioner/plaintiff s application pursuant to Real Property Tax Law article 7 to reduce the tax assessment of his real property for tax year 2009-2010, and action for a judgment, among other things, declaring that the method of tax assessment imposed is invalid and unconstitutional, the petitioner/plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated January 25, 2012, as denied that branch of his motion which was to compel disclosure of documents requested in items 3 through 11 of his notice of discovery and inspection dated June 20, 2011, insofar as related to tax years 2008/2009, 2010/2011, and 2011/2012.
Ordered that on the Court’s own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court properly denied that branch of the petitioner/plaintiff’s motion which was to compel certain disclosure on the ground that he failed to submit an affirmation of good faith pursuant to 22 NYCRR 202.7 (a) (2) detailing communications between the parties evincing a diligent effort to resolve the dispute, or indicating good cause why no such communications occurred (see 22 NYCRR 202.7 [c]; Quiroz v Beitia, 68 AD3d 957, 960 [2009]; Natoli v Milazzo, 65 AD3d 1309 [2009]; Amherst Synagogue v Schuele Paint Co., Inc., 30 AD3d 1055 [2006]; Romero v Korn, 236 AD2d 598 [1997]; Koelbl v Harvey, 176 AD2d 1040 [1991]).
In any event, that branch of the motion was properly denied because the document demands, even limited to those concerning tax years 2008/2009, 2010/2011, and 2011/2012, were of an overbroad and burdensome nature. Although CPLR 3101 (a) provides for “full disclosure of all matter material and necessary in the prosecution or defense of an action,” unlimited disclosure is not required, and supervision of disclosure is generally left to the Supreme Court’s broad discretion (see Mironer v City of New York, 79 AD3d 1106 [2010]; Palermo Mason Constr. *909 v Aark Holding Corp., 300 AD2d 460 [2002]). While documents related to the actions of the Board of Assessment Review for the Town of Babylon are relevant to this hybrid proceeding and action alleging statutory and constitutional violations, the Supreme Court properly determined that the “sweeping demands” of the notice of discovery and inspection were over-broad and burdensome (see Kregg v Maldonado, 98 AD3d 1289 [2012]; Optic Plus Enters., Ltd. v Bausch & Lomb Inc., 35 AD3d 1263 [2006]; Bongiorno v Livingston, 20 AD3d 379, 382 [2005]). “Where discovery demands are overbroad, ‘the appropriate remedy is to vacate the entire demand rather than to prune it’ ” (Kregg v Maldonado, 98 AD3d at 1290, quoting Board of Mgrs. of the Park Regent Condominium v Park Regent Assoc., 78 AD3d 752, 753 [2010] [internal quotation marks omitted]). Mastro, J.E, Hall, Lott and Hinds-Radix, JJ., concur.