■ WILLIAM A. SCORZARI, JR., Appellant, v GARY PEZZA et al., Respondents. (And a Third-Party Action.) [976 NYS2d 140]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated August 21, 2012, as denied that branch of his motion which was pursuant to CPLR 3126 to strike the defendants' answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer for failure to comply with a discovery demand. Although CPLR 3101 provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]), " 'unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion' " (*H.R. Prince, Inc. v Elite Envtl. Sys., Inc.*, 107 AD3d 850, 850 [2013], quoting *Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 460, 461 [2002]; *see Matter of Greenfield v Board of Assessment Review for Town of Babylon*, 106 AD3d 908, 908 [2013]). Here, the Supreme Court properly determined that the plaintiff's discovery demand was overbroad and burdensome (*see Matter of Greenfield v Board of Assessment Review for Town of Babylon*, 106 AD3d at 909; *Board of Mgrs. of the Park Regent Condominium v Park Regent Assoc.*, 78 AD3d 752, 753 [2010]; *Latture v Smith*, 304 AD2d 534, 536 [2003]; *see generally H.R. Prince, Inc. v Elite Envtl. Sys., Inc.*, 107 AD3d at 850). "Where discovery demands are overbroad, the appropriate remedy is to vacate the entire demand rather than to prune it" (*Matter of Greenfield v Board of Assessment Review for Town of Babylon*, 106 AD3d at 909 [internal quotation marks omitted]; *see Board of Mgrs. of the Park Regent Condominium v Park Regent Assoc.*, 78 AD3d at 753; *Latture v Smith*, 304 AD2d at 536). Moreover,

the plaintiff failed to make a clear showing that the defendants' failure to comply with the discovery demand was willful or contumacious, as required to support the drastic remedy of striking an answer (*see Pinto v Tenenbaum*, 105 AD3d 930, 931 [2013]; *Laskin v Friedman*, 90 AD3d 617, 617-618 [2011]; *Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d 719, 722 [2009]). Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.