# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**422**

**CA 13-01877**

PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

PHILLIP P. BATTEASE, CLAIMANT-APPELLANT,

V                                        MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 120512.)

---

PHILLIP P. BATTEASE, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered July 29, 2013.  The order denied the motion of claimant to compel discovery.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by providing that the motion is denied without prejudice to serve more narrowly-tailored disclosure requests with respect to demand Nos. 5 through 8 and 10 through 12 and as modified the order is affirmed without costs in accordance with the following memorandum:  Claimant commenced this action seeking damages after he allegedly was attacked in a correctional facility, and he then submitted a series of discovery demands.  Defendant indicated in a general objection that demand Nos. 5 through 8 and 10 through 12 were too vague and ambiguous, and that they were not reasonably calculated to lead to admissible evidence, but otherwise responded to claimant's remaining demands.  The Court of Claims denied claimant's motion to compel disclosure as moot, and this appeal ensued.  We conclude that the court properly denied the motion, but our reasoning differs from that of the court.  "Although CPLR 3101 (a) provides for 'full disclosure of all matter material and necessary in the prosecution or defense of an action,' it is well settled that a party need not respond to discovery demands that are overbroad" (*Kregg v Maldonado*, 98 AD3d 1289, 1290).  We agree with defendant that demand Nos. 5 through 8 and 10 through 12 are vague and overbroad, and thus "the appropriate remedy is to vacate [them in their entirety] rather than to prune [them]" (*id.* [internal quotation marks omitted]).  We thus conclude that the court should have denied the motion with respect to demand Nos. 5 through 8 and 10 through 12 without prejudice to serve more narrowly-tailored disclosure requests (*see id.; Kimberly-Clark Corp. v Power Auth. of State of N.Y.*, 28 AD2d 820, 820; *see also Sullivan v Smith*, 198 AD2d 749, 750).  We therefore modify the order accordingly.  Finally, contrary to claimant's further

contention, "there has been no showing of the requisite clear abuse of discretion [to] prompt appellate action with respect to claimant's [remaining] disclosure requests" (*DeLeon v State of New York*, 52 AD3d 1282, 1282 [internal quotation marks omitted]).

Entered:  June 19, 2015                                        Frances E. Cafarell
                                                                             Clerk of the Court