■ MURRAY BERKOWITZ, as Administrator of the Estate of MARTIN BERKOWITZ, et al., Appellants, v 29 WOODMERE BLVD. OWNERS', INC., et al., Respondents. [23 NYS3d 352]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal, as limited by the brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered September 26, 2013, as granted that branch of the defendants' motion which was for a protective order vacating the second notice for discovery and inspection of Sylvia Berkowitz individually, and in her capacity as executrix of the estate of Martin Berkowitz, and denied those branches of the cross motion of Sylvia Berkowitz individually, and in her capacity as executrix of the estate of Martin Berkowitz, which were to compel compliance with certain discovery demands and for imposition of sanctions pursuant to 22 NYCRR 130-1.1 against the defendants and their attorney.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." However, "unlimited disclosure is not mandated, and the rules provide that the court may issue a protective order 'denying, limiting, conditioning or regulating the use of any disclosure device' to 'prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts' " (*County of Suffolk v Long Is. Power Auth.*, 100 AD3d 944, 946 [2012], quoting CPLR 3103 [a]; *see Accent Collections, Inc. v Cappelli Enters., Inc.*, 84 AD3d 1283 [2011]). "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Mattocks v White Motor Corp.*, 258 AD2d 628, 629 [1999] [citation omitted]; *see Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]).

Here, various discovery demands made by Sylvia Berkowitz individually, and in her capacity as executrix of the estate of Martin Berkowitz, in the second notice for discovery and inspection were of an overbroad and burdensome nature. Where discovery demands are overbroad, the appropriate remedy is to vacate the entire demand rather than to prune it (*see Scorzari v Pezza*, 111 AD3d 916 [2013]; *Matter of Greenfield v Board of Assessment Review for Town of Babylon*, 106 AD3d 908, 909 [2013]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for a protective order vacating the second notice for discovery and inspection. The court also providently exercised its discretion in denying that branch of the cross motion which was to compel the defendants' compliance with certain other discovery demands that were overbroad.

The Supreme Court providently exercised its discretion in denying that branch of the cross motion which was to impose a monetary sanction upon the defendants and their attorney, as the movants failed to demonstrate that either engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (*see Keyspan Generation, LLC v Nassau County*, 118 AD3d 949, 954 [2014]; *Muro-Light v Farley*, 95 AD3d 846, 848 [2012]; *Finkelman v SBRE, LLC*, 71 AD3d 1081, 1081-1082 [2010]).

The parties' contentions with respect to an order dated July 30, 2014, are not properly before this Court, as no appeal was taken from that order (*see Matter of HSBC Bank USA, NA [Makowski]*, 72 AD3d 1515, 1516-1517 [2010]; *Matter of Kirdahy v Scalia*, 301 AD2d 525, 527 [2003]). Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.