█ STEPPING STONES ASSOCIATES, L.P., et al., Respondents, v GREGORY P. SCIALDONE et al., Appellants. [50 NYS3d 76]—

In an action to recover damages for defamation, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated March 2, 2015, as granted that branch of the plaintiffs' cross motion which was to strike their first demands for discovery, and as denied those branches of their motion which were to compel the plaintiffs to respond to their first demands for discovery and for recusal, and (2) so much of an order of the same court dated August 17, 2015, as denied that branch of their motion which was to compel the plaintiffs to respond to their second demands for discovery.

Ordered that the orders are affirmed insofar as appealed from, with costs.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "The phrase 'material and necessary' should be 'interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason' " (*Friel v Papa*, 56 AD3d 607, 608 [2008], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). "However, the principle of 'full disclosure' does not give a party the right to uncontrolled and unfettered disclosure" (*Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531, 531 [2007]). " 'It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims' " (*Vyas v Campbell*, 4 AD3d 417, 418 [2004], quoting *Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420, 421 [1989]). " 'The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the

trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed' " (*Berkowitz v 29 Woodmere Blvd. Owners', Inc.*, 135 AD3d 798, 799 [2016], quoting *Mattocks v White Motor Corp.*, 258 AD2d 628, 629 [1999]; *see Scorzari v Pezza*, 111 AD3d 916, 916-917 [2013]).

Here, many of the 266 requests made in the defendants' first demands for discovery were of an overbroad and burdensome nature, and were palpably improper. Under these circumstances, "the appropriate remedy is to vacate the entire demand rather than to prune it" (*Berkowitz v 29 Woodmere Blvd. Owners', Inc.*, 135 AD3d at 799; *see Scorzari v Pezza*, 111 AD3d 916 [2013]; *Matter of Greenfield v Board of Assessment Review for Town of Babylon*, 106 AD3d 908, 909 [2013]). Therefore, even though some of the defendants' requests may have sought relevant information, the Supreme Court providently exercised its discretion in granting the branch of the plaintiffs' cross motion which was to strike, in their entirety, the defendants' first demands for discovery, and denying that branch of the defendants' motion which was to compel the plaintiffs to respond to those demands.

The Supreme Court also providently exercised its discretion in denying that branch of the defendants' motion which was to compel the plaintiffs to further respond to their second demands for discovery. The plaintiffs produced more than 500 pages of documents in response to those demands. The defendants' contention that the plaintiffs' responses were "patently and completely inadequate and deficient and were a sham" was not supported by any showing that the documents produced were inadequate, or argument as to what documents or type of documents the plaintiffs should have produced in response.

The Supreme Court also providently exercised its discretion in denying the branch of the defendants' motion which sought recusal. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (*People v Moreno*, 70 NY2d 403, 405 [1987]). "A court's decision in this respect may not be overturned unless it was an improvident exercise of discretion" (*D'Andraia v Pesce*, 103 AD3d 770, 771 [2013]). Denial of a motion for recusal is appropriate where, as here, the movant "fail[s] to set forth any proof of bias or prejudice on the part of the court which would have warranted recusal" (*Sassower v Gannett Co., Inc.*, 109 AD3d 607, 609 [2013]; *see Wells Fargo Bank, N.A. v Chaplin*, 144 AD3d 1021, 1021 [2016]).

The contention raised in Point IV of the defendants' brief is improperly raised for the first time on appeal.

The defendants' remaining contentions are without merit. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.