McAlwee v Westchester Health Assoc., PLLC (2018 NY Slip Op 05030)





McAlwee v Westchester Health Assoc., PLLC


2018 NY Slip Op 05030


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-11661
 (Index No. 52047/15)

[*1]Mary. McAlwee, appellant, 
v
Westchester Health Associates, PLLC, et al., respondents.


Richard S. Scanlan, White Plains, NY, for appellant.
Vigorito, Barker, Porter & Patterson, LLP, Valhalla, NY (Adonaid C. Medina of counsel), for respondent Westchester Health Associates, PLLC.
Benvenuto & Slattery, Roslyn, NY (James W. Tuffin of counsel), for respondent William B. Dieck.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated September 20, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to compel the defendant Westchester Health Associates, PLLC, to produce its contract of employment with the defendant William B. Dieck.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This is an action sounding primarily in medical malpractice and lack of informed consent. The plaintiff alleged that the defendant Anne S. Negrin, a board-certified ophthalmologist, formerly employed by the defendant Westchester Health Associates, PLLC (hereinafter Health Associates), negligently performed two eye surgeries on the plaintiff's right eye, causing her to sustain significant vision loss. In addition, the plaintiff alleged that the defendant William B. Dieck, a more senior ophthalmologist who was a member of Health Associates and shared an office with Negrin, negligently supervised Negrin and departed from good and accepted medical practice by failing to assist her with the plaintiff's eye surgeries.
After some discovery had been conducted, the plaintiff moved, inter alia, to compel Health Associates to produce Dieck's employment contract with Health Associates. Both Health Associates and Dieck opposed that branch of the plaintiff's motion, arguing that the employment contract was not relevant because Dieck never treated the plaintiff and, since Negrin was a board-certified ophthalmologist, he did not have a legal duty to supervise her. They also asserted that the record was devoid of evidence indicating that Dieck acted as Negrin's supervisor. The Supreme Court denied that branch of the plaintiff's motion which sought Dieck's contract of employment with Health Associates. The plaintiff appeals.
"There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party" (CPLR 3101[a][1]). "The words, material and necessary,' are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial" (Allen v Crowell-[*2]Collier Publ. Co., 21 NY2d 403, 406; see Montalvo v CVS Pharmacy, Inc., 81 AD3d 611, 612; LaPierre v Jewish Bd. of Family & Children Servs., Inc., 47 AD3d 896, 896). "However, the principle of full disclosure' does not give a party the right to uncontrolled and unfettered disclosure, and the trial courts have broad power to regulate discovery to prevent abuse'" (Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531, 531, quoting Barouh Eaton Allen Corp. v International Bus. Machs. Corp., 76 AD2d 873, 874; see Stepping Stones Assocs., L.P. v Scialdone, 148 AD3d 855, 855; Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 408, 410). " The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed'" (Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799, quoting Mattocks v White Motor Corp., 258 AD2d 628, 629; see Gilman & Ciocia, Inc. v Walsh, 45 AD3d at 531).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel the production of Dieck's employment contract with Health Associates. The evidence presented by the plaintiff in support of her motion established that Dieck did not participate in the plaintiff's treatment and that Negrin was not subject to any supervision in her treatment of patients at Health Associates. Accordingly, to the extent the plaintiff argues that the employment contract is necessary to her cause of action against Dieck because it sets forth his duty to supervise Negrin, that contention is pure speculation (see Vyas v Campbell, 4 AD3d 417, 418). The plaintiff failed to demonstrate that the request for Dieck's employment contract was material and necessary to a viable claim (see generally State Farm Mut. Auto. Ins. Co. v RLC Med., P.C., 150 AD3d 1034, 1035; Quinones v 9 E. 69th St., LLC, 132 AD3d 750, 751; Mendelovitz v Cohen, 49 AD3d 612, 612; White Bay Enters. v Newsday, Inc., 288 AD2d 211, 212; Palma v Iona College, 259 AD2d 532, 532).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court