Pascual v Rustic Woods Homeowners Assn., Inc. (2019 NY Slip Op 04394)





Pascual v Rustic Woods Homeowners Assn., Inc.


2019 NY Slip Op 04394


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-12481
 (Index No. 101146/13)

[*1]Renato J. Pascual, et al., appellants, 
v
Rustic Woods Homeowners Association, Inc., et al., respondents, et al., defendant.


Renato J. Pascual, Staten Island, NY, appellant pro se, and Aida A. Pascual, Staten Island, NY, appellant pro se (one brief filed).
Romer Debbas, LLP, New York, NY (Emil A. Samman and Leanna Barbieri of counsel), for respondent Rustic Woods Homeowners Association, Inc.
Boyd Richards Parker Colonnelli, P.L., New York, NY (Bryan J. Mazzola and Russell J. Edwards of counsel), for respondent Kathleen Fogarty, President, Rustic Woods Condominium I.



DECISION & ORDER
In an action, inter alia, for permanent injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated October 20, 2017. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for a protective order striking certain discovery demands.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with one bill of costs, and that branch of the plaintiffs' motion which was for a protective order striking certain discovery demands is granted.
The defendant Kathleen Fogarty, as president of the Rustic Woods Condominium I, and the defendant Rustic Woods Homeowners Association, Inc., separately served discovery demands upon the plaintiffs. The plaintiffs moved, inter alia, for a protective order striking those discovery demands, arguing, among other things, that they were palpably improper. In an order dated October 20, 2017, the Supreme Court, inter alia, denied the plaintiffs' motion. The plaintiffs appeal.
CPLR 3101(a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." However, the principle of "full disclosure" does not give a party the right to uncontrolled and unfettered disclosure (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 548 [internal quotation marks omitted]; Ramirez v New York City Tr. Auth., 132 AD3d 653, 654; Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531, 531).
Discovery demands are palpably improper where they seek irrelevant information, are overbroad and burdensome, or fail to specify with reasonable particularity many of the [*2]documents requested (see Jordan v City of New York, 137 AD3d 1084, 1084-1085; H.R. Prince, Inc. v Elite Envtl. Sys., Inc., 107 AD3d 850, 850; Matter of New York Cent. Mut. Fire Ins. Co. v Librizzi, 106 AD3d 921, 921; Montalvo v CVS Pharm., Inc., 102 AD3d 842, 843; Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566). Where the discovery demands are overbroad, the appropriate remedy is to vacate the entire demand rather than to prune it (see Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855, 856; Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799; Scorzari v Pezza, 111 AD3d 916, 916; Bell v Cobble Hill Health Ctr., Inc., 22 AD3d 620, 621).
Here, the discovery demands at issue were palpably improper in that they sought irrelevant information, or were overbroad and burdensome (see JPMorgan Chase Bank, N.A. v Levenson, 149 AD3d 1053, 1055; Diaz v City of New York, 117 AD3d 777, 778; Kamanou-Goune v Swiss Intl. Airlines, 100 AD3d 968, 969). Accordingly, we agree with the plaintiffs that the Supreme Court improvidently exercised its discretion in denying that branch of their motion which was for a protective order striking those discovery demands.
The plaintiffs' remaining contentions regarding discovery are without merit.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court