Mendives v Curcio (2019 NY Slip Op 05771)





Mendives v Curcio


2019 NY Slip Op 05771


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2019-00522
 (Index No. 1714/17)

[*1]Rodolfo Mendives, respondent, 
v
Donna M. Curcio, appellant.


Russo & Tambasco, Melville, NY (Yamile Al-Sullami and Gerard Ferrara of counsel), for appellant.
Bragoli & Associates, P.C., Melville, NY (Joseph M. Sorce of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered November 8, 2018. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3103 for a protective order with respect to the plaintiff's demand for the defendant's cellular telephone records for the date of the subject accident, and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3126 to compel the production of those records to the extent of directing the defendant to provide an authorization to obtain the defendant's cellular telephone records for the date of the subject accident between 4:00 p.m. and 7:00 p.m.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 3, 2017, at approximately 6:00 p.m., the plaintiff, while crossing a street in Levittown, allegedly was struck by a vehicle operated by the defendant, who then left the scene of the accident. The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of the accident. The defendant denied any involvement in the accident. Following the depositions of the plaintiff, the defendant, and a witness who was at the scene immediately after the accident occurred, the plaintiff served a discovery demand for the defendant's cellular telephone records for the day and relevant time period of the accident. The defendant objected to the demand, and the Supreme Court, during a court conference, verbally directed the defendant to produce the subject cellular telephone records. Thereafter, the defendant moved pursuant to CPLR 3103 for a protective order against production of the subject cellular telephone records. The plaintiff opposed the defendant's motion and cross-moved pursuant to CPLR 3126, inter alia, to compel production of the subject cellular telephone records. By order entered November 8, 2018, the Supreme Court, inter alia, denied the defendant's motion and granted that branch of the plaintiff's cross motion to the extent of directing the defendant to provide the plaintiff with an authorization to obtain the defendant's cellular telephone records for the date of the subject accident between 4:00 p.m. and 7:00 p.m. The defendant appeals.
CPLR 3101(a)(1) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The words, material and necessary,' are [*2]. . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; see Forman v Henkin, 30 NY3d 656, 661; Cajamarca v Osatuk, 163 AD3d 619, 620; Montalvo v CVS Pharmacy, Inc., 81 AD3d 611, 612). At the same time, however, the principle of "full disclosure" does not give a party the right to uncontrolled and unfettered disclosure (see McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 548; Ramirez v New York City Tr. Auth., 132 AD3d 653, 654; Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531, 531). "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421; see Beckles v Kingsbrook Jewish Med. Ctr., 36 AD3d 733). " The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed'" (Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799, quoting Mattocks v White Motor Corp., 258 AD2d 628, 629 [citation omitted]; see Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855, 855-856; Gould v Decolator, 131 AD3d 445, 447).
Contrary to the defendant's contention, the plaintiff's request for the disclosure of the defendant's cellular telephone records was not a mere fishing expedition. Rather, under the circumstances presented herein, the plaintiff's motion papers adequately demonstrated that the plaintiff's request for the defendant's cellular telephone records may result in the disclosure of relevant evidence, was reasonably calculated to lead to the discovery of information bearing on the plaintiff's claim, and was sufficiently related to the issues in litigation to make the effort to obtain them in preparation for trial reasonable (see D'Alessandro v Nassau Health Care Corp., 137 AD3d 1195, 1196-1197).
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 3103 for a protective order against production of the subject cellular telephone records, and in granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to compel production of those records to the extent of directing the defendant to provide an authorization to obtain the defendant's cellular telephone records for the date of the subject accident between 4:00 p.m. and 7:00 p.m.
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court