Bennett v State Farm Fire & Cas. Co. (2020 NY Slip Op 07155)





Bennett v State Farm Fire & Cas. Co.


2020 NY Slip Op 07155


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2019-07857
 (Index No. 602582/14)

[*1]Richard Bennett, et al., appellants,
v
State Farm Fire and Casualty Company, et al., respondents (and related actions).


Edward J. Boyle, Manhasset, NY, for appellants.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Merril S. Biscone of counsel), for respondent State Farm Fire and Casualty Company.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Keith J. Stevens of counsel), for respondent Holzmacher, McLendon and Murrell, P.C.
Pillinger Miller Tarallo, Elmsford, NY (Patrice M. Coleman of counsel), for respondent Milro Associates, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and gross negligence, the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered April 17, 2019. The order denied the plaintiffs' motion pursuant to CPLR 3124 to compel the defendants to respond to certain interrogatories and to produce certain documents.
ORDERED that the order is affirmed, with one bill of costs.
This action is one of three arising from an oil contamination incident that occurred at the property of the plaintiff Richard Bennett and Mary Wendell Bennett (hereinafter together the Bennetts), in May 2011. This action was commenced against the defendants State Farm Fire and Casualty Company (hereinafter State Farm), Holzmacher, McLendon and Murrell, P.C. (hereinafter H2M), and Milro Associates, Inc. (hereinafter Milro), to recover damages allegedly caused by the oil contamination. At the relevant time, the Bennetts maintained a homeowners' insurance policy with State Farm with respect to the property. That policy contained an exclusion for "first-party" coverage for "contamination." State Farm apparently undertook to provide coverage as to a third-party claim made by the New York State Department of Environmental Conservation. The plaintiffs assert that the Bennetts were not initially made aware of these coverage limitations.
The plaintiffs allege, inter alia, that State Farm hired H2M to supervise the remediation work at the property. The Bennetts allowed H2M access to the property for that purpose. The plaintiffs contend that the Bennetts hired Milro, a contractor, upon a recommendation from State Farm and/or H2M. The plaintiffs allege that these defendants failed to properly remediate the oil contamination. They further allege that the conduct of the defendants exacerbated the damage at the property, based on, among other things, certain actions that facilitated the mobilization of the [*2]contamination and damaged the home on the property. The plaintiffs allege that the defendants, acting together, took certain actions that will increase the ultimate cost of remediation and repairs. For instance, the plaintiffs allege that Milro, with the approval of H2M and/or State Farm, temporarily back-filled a large excavated area in the backyard despite the existence of contaminated soil in that area, and that the defendants then improperly abandoned further work at the site.
The plaintiffs moved pursuant to CPLR 3124 to compel the defendants to respond to certain interrogatories and a demand for documents dated November 23, 2018. The Supreme Court denied the motion, and the plaintiffs appeal.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (Provident Life & Cas. Ins. Co. v Brittenham, 284 AD2d 518, 518; see Encalada v Riverside Retail, LLC, 175 AD3d 467, 469). A motion to compel responses to demands and interrogatories is properly denied where the demands and interrogatories seek information which is irrelevant, overly broad, or burdensome (see Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 408, 410; Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531).
Here, insofar as the plaintiffs sought discovery as to prior business dealings among the defendants, and information as to remediation projects performed by the defendants at sites other than the subject property, the demands sought irrelevant information and were overbroad and/or burdensome in nature (see Knickerbocker Vil., Inc. v Lexington Ins. Co., 178 AD3d 607; see also Gray v Tri-State Consumer Ins. Co., 157 AD3d 938, 940, 941). Where discovery demands are overbroad, "the appropriate remedy is to vacate the entire demand rather than to prune it" (Board of Mgrs. of the Park Regent Condominium v Park Regent Assoc., 78 AD3d 752, 753 [internal quotation marks omitted]; see Matter of Greenfield v Board of Assessment Review for Town of Babylon, 106 AD3d 908, 909).
Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' motion pursuant to CPLR 3124 to compel the defendants to respond to certain interrogatories and to produce certain documents.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court