Island Life Chiropractic Pain Care, PLLC v Zipcar (2021 NY Slip Op
50844(U))

[*1]

Island Life Chiropractic Pain Care, PLLC v Zipcar

2021 NY Slip Op 50844(U) [72 Misc 3d 141(A)]

Decided on August 27, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-711 K C

Island Life Chiropractic Pain Care, PLLC,
as Assignee of Hutchinson, Aaron, Respondent,
against
ZipCar, Appellant. 

Rubin, Fiorella, Friedman & Mercante LLP (Deena Khalifa of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered March 20, 2019. The order granted plaintiff's motion to dismiss
defendant's affirmative defenses.

ORDERED that the order is reversed, with $30 costs, and plaintiff's motion to dismiss
defendant's affirmative defenses is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court which granted plaintiff's motion, pursuant to CPLR
3211 (b), to dismiss defendant's affirmative defenses with prejudice.
"Upon a motion to dismiss a defense, a defendant is entitled to the benefit of every
reasonable intendment of the pleading, which is to be liberally construed. If there is any doubt as
to the availability of a defense, it should not be dismissed" (Warwick v Cruz, 270 AD2d
255, 255 [2000] [citation omitted]). The purpose of a pleading is "to notify the adverse party
adequately of the pleader's claim or defense so as to facilitate a proper decision on the merits"
(3B Carmody-Wait 2d § 27:2, Purpose of Pleadings; see also CPLR 3013).
Defendant essentially admits that many of the affirmative defenses asserted here were simply
"boilerplate," which this court notes is not acceptable practice. Indeed, we note that some of the
defenses were not defenses at all, such as the "defense" that no-fault interest should be limited by
applicable law and regulations. However, plaintiff's claim that not a single one of defendant's
defenses was sufficiently pleaded is not supportable. In addition, plaintiff's motion [*2]contained numerous misleading or erroneous statements of law,
including repeatedly indicating that defendant's answer was insufficient because it failed to
satisfy the standard of proof required to obtain summary judgment, failed to include "admissible
evidence," and failed to "conclusively" establish the defense at issue. Indeed, plaintiff at one
point indicated that defendant had failed to meet its burden under CPLR 3211, even though
plaintiff was the party moving under CPLR 3211.
Plaintiff also erroneously implied that an affidavit of its owner and plaintiff's own
documents, which defendant did not help create and had never conceded were accurate, qualified
as documentary evidence under CPLR 3211 (a) (1), even though such evidence could not
possibly be described as "unambiguous and of undisputed authenticity," with contents that are
"essentially undeniable" (Anderson v
Armentano, 139 AD3d 769, 770-771 [2016] [internal quotation marks omitted]).
Plaintiff also ignored that "no motion by the plaintiff lies under CPLR 3211 (b) to strike the
defense [of failure to state a cause of action], as this amounts to an endeavor by the plaintiff to
test the sufficiency of his or her own claim" (Butler v Catinella, 58 AD3d 145, 150 [2008]; see also Jacob Marion, LLC v Jones,
168 AD3d 1043, 1044 [2019]; Mazzei v Kyriacou, 98 AD3d 1088, 1089 [2012]). Plaintiff also
erroneously indicated that defendant's fee schedule defense was subject to preclusion (see
11 NYCRR 65-3.8 [g]; Z.M.S. & Y
Acupuncture, P.C. v GEICO Gen. Ins. Co., 58 Misc 3d 143[A], 2017 NY Slip Op
51891[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]); that proving a reasonable
justification for an examination under oath is a part of a defendant's prima facie burden in this
department (see Interboro Ins. Co. v
Clennon, 113 AD3d 596 [2014]; Parisien v Metlife Auto & Home, 54 Misc 3d 143[A], 2017
NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Barakat Med. Care, P.C. v Nationwide Ins.
Co., 49 Misc 3d 147[A], 2015 NY Slip Op 51677[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2015]; Palafox
PT, P.C. v State Farm Mut. Auto. Ins. Co., 49 Misc 3d 144[A], 2015 NY Slip Op
51653[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]); and that a defendant is
required to issue a denial based on an applicant's failure to provide requested verification
(see 11 NYCRR 65-3.8 [b] [3]; Chapa Prods. Corp. v MVAIC, 66 Misc 3d 16 [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2019]; Proscan Imaging, P.C. v Travelers Indem. Co., 28 Misc 3d 127[A],
2010 NY Slip Op 51176[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]).
This Court will not prune plaintiff's motion and separate the potentially valid arguments from
plaintiff's numerous invalid or questionable arguments (cf. Scorzari v Pezza, 111 AD3d 916, 916 [2013]; Latture v
Smith, 304 AD2d 534, 536 [2003]; Apple Bank for Sav. v Noah's Rte. 110, 210
AD2d 277, 277 [1994]; Town of
Babylon v LIMS, Inc., 42 Misc 3d 131[A], 2013 NY Slip Op 52221[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2013]). 
Accordingly, the order is reversed and plaintiff's motion to dismiss defendant's affirmative
defenses is denied.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2021