Stern v Golub Corp. (2022 NY Slip Op 04250)

Stern v Golub Corp.

2022 NY Slip Op 04250

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

421 CA 21-01598

[*1]ROBERT STERN, PLAINTIFF-APPELLANT,
v
GOLUB CORPORATION, PRICE CHOPPER OPERATING CO., INC., GOLUB CORP., DOING BUSINESS AS PRICE CHOPPER (STORE #172) AND JOHN L. BETSEY, DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 

ROBERT STERN, PLAINTIFF-APPELLANT PRO SE. 
SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (JAMES W. CUNNINGHAM OF COUNSEL), FOR DEFENDANTS-RESPONDENTS GOLUB CORPORATION, PRICE CHOPPER

 

 Appeal from an amended order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered July 13, 2021. The amended order, among other things, denied in part the motion of plaintiff seeking, inter alia, to compel disclosure of certain documents. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries allegedly arising from an incident in which he was struck by a motorized shopping cart operated by defendant John L. Betsey while inside a Price Chopper supermarket owned and operated by one or more of the other defendants (Price Chopper defendants). Thereafter, plaintiff, pro se, moved for an order, inter alia, compelling the production by defendants of expanded bills of particulars and certain discovery materials. Plaintiff, pro se, now appeals from an amended order that, inter alia, denied most of his requests concerning the production of expanded bills of particulars and discovery materials. We affirm.
Initially, we note that plaintiff's contentions concerning other motions, in which he apparently sought summary judgment and sanctions for spoliation of evidence, which Supreme Court specifically stated in the amended order were not being resolved therein, are not properly before us. Even assuming, arguendo, that the court should have addressed the other motions in the amended order on appeal, we conclude "that the appropriate procedural vehicle to address such a failure would have been a CPLR article 78 proceeding to compel the court to render a decision on [those] motions" (Miller v Lanzisera, 273 AD2d 866, 867 [4th Dept 2000], appeal dismissed 95 NY2d 887 [2000], reconsideration denied 96 NY2d 731 [2001]; see Matter of State of New York v Boutelle, 85 AD3d 1607, 1608 [4th Dept 2011]).
Contrary to plaintiff's contention, the court properly denied his present motion insofar as it sought an order directing defendants to supply more detailed responses to his demands for bills of particulars. It is well settled that "[t]he purpose of a bill of particulars is to amplify the pleadings, limit proof, and prevent surprise at trial; it is not an evidence-gathering device" (Mayer v Hoang, 83 AD3d 1516, 1517 [4th Dept 2011] [internal quotation marks omitted]; see [*2]Khoury v Chouchani, 27 AD3d 1071, 1072 [4th Dept 2006]).
Contrary to plaintiff's further contention, the court properly denied the motion insofar as it sought to compel the Price Chopper defendants to provide additional discovery. "Although CPLR 3101 (a) provides for 'full disclosure of all matter material and necessary in the prosecution or defense of an action,' it is well settled that a party need not respond to discovery demands that are overbroad" (Kregg v Maldonado, 98 AD3d 1289, 1290 [4th Dept 2012]; see Battease v State of New York, 129 AD3d 1579, 1580 [4th Dept 2015]). We conclude that plaintiff's demands for reports of every motorized shopping cart accident in every Price Chopper store for the 10 years preceding the accident and for the Price Chopper defendants' entire claim file were properly denied as overbroad (see generally Matter of Greenfield v Board of Assessment Review for Town of Babylon, 106 AD3d 908, 909 [2d Dept 2013]; Kregg, 98 AD3d at 1290).
Finally, we reject plaintiff's contention that the court abused its discretion in denying his motion insofar as it sought to compel production of Betsey's medical records. Plaintiff failed to meet his burden of establishing that Betsey's medical condition is "in controversy" (CPLR 3121 [a]; see Dillenbeck v Hess, 73 NY2d 278, 287 [1989]; Robinson v State of New York, 103 AD3d 1247, 1248 [4th Dept 2013]).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court