■ WALTER E. GLASS, as Administrator of the Estate of GLORIA D. GLASS, Deceased, Respondent, v ROCHESTER GENERAL HOSPITAL, Appellant.—Order unanimously affirmed, with costs. Memorandum: Plaintiff's intestate entered the defendant Rochester General Hospital July 1, 1976 for performance of a caesarian section. She did not regain consciousness after the surgery and died in defendant's intensive care unit on July 9, 1976. Plaintiff sued the hospital, the obstetricians and the anesthesiologists for malpractice. The hospital appeals from an order of Special Term which granted plaintiff a further examination before trial so that he could depose Dr. Umansky, an employee of the hospital, who had worked in the ICU when decedent was a patient there. Plaintiff seeks to question Dr. Umansky particularly about an entry that he made in the hospital records which states in part, "it is felt that patient aspirated in the OR with resultant hypoxic cerebral injury." We affirm Special Term's order which provides that plaintiff may question the doctor, "as to the witness' medical opinion concerning the cause of the conditions of the deceased noted by [him] and to the medical grounds thereof including the witnesses [sic] opinion." Plaintiff is entitled to examine defendant through its employees as to "all evidence material and necessary" to the prosecution of the action (CPLR 3101, subd [a]). Evidence of decedent's physical condition after the surgery is relevant to plaintiff's claims, particularly the claim that defendants negligently

omitted to insert an endotracheal tube in the patient during surgery. Dr. Umansky may be questioned not only about what he observed and did but he may be required also to give his diagnosis or opinion of decedent's condition based upon his knowledge of the facts *(Johnson v New York City Health & Hosps. Corp.,* 49 AD2d 234; and see *Harley v Catholic Med. Center of Brooklyn,* 57 AD2d 827; *Wilson v McCarthy,* 57 AD2d 617; *Carvalho v New Rochelle Hosp.,* 53 AD2d 635). Defendant contends that Dr. Umansky is not qualified to give an opinion on anesthesiology or obstetrics or what occurred in the operating room (see *McDermott v Manhatten Eye, Ear & Throat Hosp.,* 15 NY2d 20, 29-30). Special Term, however, did not order that he give expert opinion evidence on the general accepted practices in those fields, but has properly permitted questions directed to the treatment that Dr. Umansky rendered to the patient. The fact that his opinion may refer also to the services rendered by defendant doctors does not preclude examining him *(Carvalho v New Rochelle Hosp., supra).* (Appeal from order of Monroe Supreme Court—discovery.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.