■ FRANK FANELLI et al., Respondents, v MERWIN S. ADLER, Appellant, et al., Defendant.—In an action to recover damages for podiatric malpractice, the defendant Merwin S. Adler appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 24, 1986, which granted the plaintiffs' motion to dismiss his counterclaim pursuant to CPLR 8303-a to recover costs, and denied his cross motion for summary judgment dismissing the complaint as against him and for summary judgment on his counterclaim.

Ordered that the order is affirmed, with costs.

In this case, the plaintiffs allege that the defendant Dr. Jeffrey L. Adler treated the plaintiff Frank Fanelli for a foot problem and committed malpractice in the course of such treatment. The plaintiffs further contend that at the time of the alleged malpractice, the defendants Dr. Jeffrey L. Adler and Dr. Merwin S. Adler were partners in fact or by estoppel. Merwin Adler asserted in a counterclaim that he never treated the plaintiff, that since he was not in a partnership with Jeffrey L. Adler, the plaintiffs' action against him was frivolous, and that he is entitled to costs pursuant to CPLR 8303-a. The plaintiffs moved to dismiss the counterclaim, and Merwin Adler cross-moved for summary judgment dismissing the complaint as against him and for judgment on his counterclaim. The court granted the plaintiffs' motion to dismiss the counterclaim and denied the motion of the defendant Merwin Adler for summary judgment. We affirm.

A partner is jointly and severally liable for a tort committed by another partner acting within the scope of the partnership business, and an injured party may bring an action against all or any of the partners in their individual capacities or against

the partnership as an entity *(see,* Partnership Law § 24; *Pedersen v Manitowoc Co.,* 25 NY2d 412). This general rule of partnership law is applicable to physicians with partnership arrangements *(see, Zuckerman v Antenucci,* 124 Misc 2d 971; *Fonda v Paulsen,* 79 Misc 2d 936, *revd on other grounds* 46 AD2d 540; 45 NY Jur, Physicians & Surgeons, § 165).

A review of the record, including the doctors' advertisement, reveals that there are triable issues of fact as to whether, at the time the alleged malpractice was committed by the defendant Jeffrey L. Adler, the defendants were involved in a partnership, joint practice or a partnership by estoppel *(see,* Partnership Law §§ 24, 27; *Pedersen v Manitowoc Co., supra; see also, Mduba v Benedictine Hosp.,* 52 AD2d 450). If such a relationship existed, Merwin Adler would be vicariously liable to the plaintiff. Thus, summary judgment was properly denied to the defendant Merwin Adler.

As to the defendant Merwin Adler's counterclaim for costs on the ground that the plaintiffs' cause of action against him is "frivolous", in light of the allegations of partnership with the ensuing vicarious liability, it is clear that the plaintiffs' action against Merwin Adler is not "frivolous", as a matter of law, within the purport of CPLR 8303-a. Therefore, the counterclaim was properly dismissed. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.