■ BARBARA CAVEZZA et al., Respondents, v ROSLYN GARDNER, Appellant, JOSEPHINE DiMARCO, Respondent, et al., Defendants.—In an action to recover damages for medical malpractice, the defendant Roslyn Gardner appeals from so much of an order of the Supreme Court, Queens County (Graci, J.), dated March 1, 1990, as denied that branch of her motion which was for summary judgment dismissing so much of the complaint and cross claims asserted against her as seek damages based upon her vicarious liability as a partner of the defendant Josephine DiMarco.

Ordered that the order is affirmed insofar as appealed from, with costs to the defendant-respondent.

From 1967 until 1979, Josephine DiMarco, M.D., and Roslyn Gardner, M.D., practiced obstetrics together at the same office in Queens, New York. The infant plaintiff, who was delivered by DiMarco, brought this action against DiMarco and Gardner both individually and as partners. Gardner successfully moved for dismissal of the causes of action asserted against her individually; however, the court refused, and correctly so, to dismiss the causes of action asserted against her grounded in her alleged vicarious liability as DiMarco's partner.

While many of the indicia of a partnership between Gardner and DiMarco do not appear to exist, the affidavits submitted in support of and in opposition to Gardner's motion present conflicting evidence sufficient to raise a question of

fact as to the existence of either a partnership in fact or a partnership by estoppel and, therefore, summary judgment was correctly denied (see, *Royal Bank & Trust Co. v Weintraub, Gold & Alper,* 68 NY2d 124; *Ahmad v Ennab,* 158 AD2d 637; *Mayland v Craighead,* 144 AD2d 344; *Fogel v Hertz Intl.,* 141 AD2d 375; *Brodsky v Stadlen,* 138 AD2d 662; *Fanelli v Adler,* 131 AD2d 631; *Boyarsky v Froccaro,* 131 AD2d 710). Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.