■ VICKI HARDTER, Individually and as Administratrix of the Estate of BETTE J. SHERWOOD, Deceased, Appellant, v LAWRENCE SEMEL et al., Defendants. DAVID TYLER, Nonparty Respondent. [602 NYS2d 259] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: We modify Supreme Court's order by granting that part of plaintiff's motion seeking to compel a further examination before trial of the nonparty witness, Dr. David Tyler. Because Dr. Tyler attended to the post-operative care and treatment of plaintiff's decedent during the absence of his partner, defendant Dr. Semel, Dr. Tyler can be examined not only with respect to the circumstances of his care and treatment, but also may be required to give expert opinion testimony relating to that care and treatment *(see, Glass v Rochester Gen. Hosp.,* 74 AD2d 732; *Cruz v City of New York,* 135 Misc 2d 393). We reject the contention of Dr. Tyler that his opinion testimony cannot be compelled because he was not an employee of a party to the action. Because Drs. Semel and Tyler are partners, each is vicariously liable for negligent acts of the other undertaken in further-

ance of partnership business *(see, Fanelli v Adler,* 131 AD2d 631, 632; *cf., Kavanaugh v Nussbaum,* 71 NY2d 535, 547-548; *Cavezza v Gardner,* 176 AD2d 911). Each is an agent of the other, and both participated in the care and treatment of the decedent. Under those circumstances, Dr. Tyler is deemed an "employee" of Dr. Semel, or of the partnership, for purposes of pretrial examination. Thus, Dr. Tyler may be required to state his opinion regarding the significance of the result of the fluid culture test that he ordered, to testify concerning his customary practice of communicating with a partner about the care and treatment of that partner's patient during the partner's absence and to give expert testimony concerning the circumstances of his care and treatment of decedent.

Supreme Court properly denied plaintiff's motion to impose sanctions upon Dr. Tyler's counsel for alleged improper conduct at the examination before trial. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Discovery.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.