■ BERNICE KIMIATEK, Individually and as Administrator of the Estate of ALBERT KIMIATEK, Deceased, Appellant, v MAURICE POST et al., Respondents. [658 NYS2d 403] —In an action to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Franco, J.), entered June 12, 1996, which granted the defendants' motion for summary judgment to the extent of dismissing the complaint in its entirety insofar as it was asserted against the defendant Maurice Post, and dismissing so much of the complaint as was to recover damages for alleged malpractice committed before June 7, 1992, insofar as asserted against the defendant Steven P. Stein.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated in its entirety against both of the defendants.

On October 4, 1989, the defendant Maurice Post referred the plaintiff's decedent to an oral surgeon for the extraction of certain teeth prior to the insertion of dentures. On October 30, 1989, after the extractions had been performed, Dr. Post discovered the presence of a "retained root tip" in the area of the decedent's tooth number 12. Dr. Post then referred the decedent back to the oral surgeon.

Dr. Post allegedly sold his dental practice to the defendant Steven P. Stein on or about June 1, 1991. Thereafter, Dr. Post continued to work together with Dr. Stein on a regular basis; the two dentists shared offices and operated what would have appeared to their patients to be a single practice. The decedent was treated by Dr. Post in December 1991, and by Dr. Stein on several occasions later in 1991 and throughout 1992. On October 26, 1992, Dr. Stein discovered that a root tip was still present in the area of tooth number 12. The present action seeks to recover damages for malpractice on the theory that the defendants negligently failed to remedy this condition earlier. The Supreme Court granted the defendants' motion to dismiss the complaint to the extent indicated, holding that the continuous treatment doctrine was inapplicable as a matter of law. We disagree.

The treatments furnished to the decedent on October 30, 1989, and October 26, 1992, clearly related to the condition upon which the present lawsuit is based. These treatments were but one aspect of the overall course of dental treatment furnished to the decedent, either by Dr. Post or Dr. Stein, on more than 20 occasions between May 4, 1989, when Dr. Post first recommended dentures, and November 21, 1992, when Dr. Stein reinserted the right partial upper denture. Also, as reflected in the deposition testimony of the plaintiff, the decedent had, for much of this time, been complaining to the defendants that "[h]e can't wear the teeth. They ache".

Under these circumstances, we find that an issue of fact exists as to whether the continuous treatment doctrine applies (see generally, Parker v Jankunas, 227 AD2d 537; cf., Grippi v Jankunas, 230 AD2d 826). We also find that the plaintiff demonstrated the existence of an issue of fact as to whether the relationship between the two defendants was such that the treatment of the decedent by Dr. Stein may properly serve as the basis for tolling the running of the Statute of Limitations as to Dr. Post (see generally, Meath v Mishrick, 68 NY2d 992; Pierre-Louis v Ching-Yuan Hwa, 182 AD2d 55; Cavezza v Gardner, 176 AD2d 911; Fanelli v Adler, 131 AD2d 631; Fonda v Paulsen, 79 Misc 2d 936, revd on other grounds 46 AD2d 540). Bracken, J. P., Sullivan, Santucci and Altman, JJ., concur.