THELMA PARKER, Respondent, v LAWRENCE OLLIVIERRE, Appellant, et al., Defendants. [876 NYS2d 134]—

In an action, inter alia, for the partition and sale of real property, the defendant Lawrence Ollivierre appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated April 18, 2008, as granted the plaintiff's motion for summary judgment and denied that branch of his renewed cross motion which was pursuant to CPLR 3126 to strike the complaint and, in effect, denied the alternative branch of his cross motion which was to compel the further deposition of the plaintiff under the supervision of a referee, and (2) from an interlocutory judgment of the same court dated October 14, 2008, which, upon the order, is in favor of the plaintiff and against him directing, inter alia, the partition of the subject property and its sale at public auction.

Ordered that the appeal from so much of the order as granted the plaintiff's motion for summary judgment is dismissed, as that part of the order was superseded by the interlocutory judgment entered thereon; and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, in effect, denying that branch of the cross motion of the defendant Lawrence Ollivierre which was to compel the further deposition of the plaintiff under the supervision of a referee, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the interlocutory judgment is reversed, on the law, and the plaintiff's motion for summary judgment is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant Lawrence Ollivierre.

There are triable issues of fact warranting the denial of the plaintiff's motion for summary judgment (see RPAPL 901 [1]; 915; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).

In addition, we agree with the appellant that the plaintiff's counsel acted improperly at the plaintiff's deposition, among

other things, by making "speaking objections," correcting the plaintiff's testimony, and directing the plaintiff on a number of occasions not to answer certain questions. The questions were designed to elicit information which was material and necessary to the appellant's defense of this action (*see* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407 [1968]), and the directions not to answer them were not otherwise authorized by 22 NYCRR 221.2. While the Supreme Court properly denied that branch of the appellant's motion which was to strike the complaint, as that remedy was too drastic a sanction (*see Bjorke v Rubenstein,* 38 AD3d 580, 581 [2007]), under the circumstances, the alternative branch of the cross motion, which was to compel the further deposition of the plaintiff under the supervision of a referee (*see* CPLR 3104), should have been granted. Dillon, J.P., Miller, Belen and Chambers, JJ., concur.