Jones v FEGS-WeCARE/Human Resources, NYC (2021 NY Slip Op 03116)





Jones v FEGS-WeCARE/Human Resources, NYC


2021 NY Slip Op 03116


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 401917/13 Appeal No. 13825 Case No. 2020-04579 

[*1]Shalaine Y. Jones, Plaintiff-Appellant,
v
FEGS-WeCARE/Human Resources, NYC, Defendant-Respondent.


Shalaine Y. Jones, appellant pro se.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Steven C. Mandell of counsel), for respondent.



Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered October 23, 2020, which granted defendant's motion to dismiss the complaint with prejudice, unanimously affirmed, without costs.
The complaint was properly dismissed based on plaintiff's failure to comply with a prior court order dated April 23, 2019, which had directed her to answer questions about the period from August 2012 to the present (see Orner v Mount Sinai Hosp., 305 AD2d 307, 309 [1st Dept 2003]). Contrary to plaintiff's contention, records exchanged during discovery may be used at, and are proper topics of questioning during, examinations before trial. The fact that some documents may be inadmissible at trial does not restrict use of those documents at examinations before trial (see Slapo v Winthrop Univ. Hosp., 186 AD3d 1281, 1288 [2d Dept 2020]).
There is no dispute that during her continued examination before trial in October 2019, plaintiff knowingly and willfully failed to comply the court's directive that she answer questions within the timeframe of August 2012 to present (see Forbes v New York City Tr. Auth., 88 AD3d 546, 547 [1st Dept 2011]; Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]). Plaintiff's disagreement with the April 2019 order was not a reasonable excuse for her failure to comply with its directives (see Anderson & Anderson LLP-Guangzhou v North Am. Foreign Trading Corp., 165 AD3d 511, 512 [1st Dept 2018]; Reidel v Ryder TRS, Inc., 13 AD3d 170, 171 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021