Nieman v Vira (2025 NY Slip Op 06867)

Nieman v Vira

2025 NY Slip Op 06867

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-08077
2022-10095
 (Index No. 614201/18)

[*1]Debra Nieman, etc., appellant,
vManish Vira, etc., et al., respondents, et al., defendants.

Silberstein, Awad & Miklos, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kelly A. Breslauer], of counsel), for appellant.
Vigorito, Barter, Patterson, Nichols and Porter, LLP, Valhalla, NY (Leilani J. Rodriguez of counsel), for respondents Manish Vira, North Shore University Hospital, and Northwell Health, Inc.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliot J. Zucker of counsel), for respondents Richard S. Obedian and Richard S. Obedian, M.D., P.C.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), dated July 18, 2022, and (2) an order of the same court entered November 7, 2022. The order dated July 18, 2022, denied the plaintiff's motion for a protective order preventing her continued deposition and precluding the production of certain content on a certain Facebook page. The order entered November 7, 2022, insofar as appealed from, denied the plaintiff's motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue her prior motion for a protective order preventing her continued deposition and precluding the production of certain content on a certain Facebook page.
ORDERED that the appeal from so much of the order dated July 18, 2022, as denied that branch of the plaintiff's motion which was for a protective order preventing her continued deposition is dismissed; and it is further,
ORDERED that the order dated July 18, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that the appeal from the order entered November 7, 2022, is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiff, individually and as executor of the estate of William Nieman [*2](hereinafter the decedent), commenced this action to recover damages for medical malpractice and wrongful death arising from the decedent's death. The defendants provided treatment to the decedent. During discovery, the plaintiff moved for a protective order preventing her continued deposition and precluding the production of certain messages she posted in a bereavement support group on a certain Facebook page. The defendants Manish Vira, Northwell University Hospital, and Northwell Health, Inc., and the defendants Richard S. Obedian and Richard S. Obedian, M.D., P.C. (hereinafter collectively the respondents), separately opposed the motion. In an order dated July 18, 2022 (hereinafter the July 2022 order), the Supreme Court denied the motion.
Thereafter, the plaintiff made a motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue her prior motion for a protective order preventing her continued deposition and precluding the production of certain messages she posted in a bereavement support group on a certain Facebook page. The respondents separately opposed the motion. In an order entered November 7, 2022 (hereinafter the November 2022 order), the court, inter alia, denied the motion. The plaintiff appeals from the July 2022 order and the November 2022 order.
"No appeal as of right lies from an order determining an application to review rulings made at an examination before trial" (Braverman v Bendiner & Schlesinger, Inc., 85 AD3d 1074, 1074). "Similarly, the denial of a protective order preventing the further examination of a witness is not appealable as of right, since that is in the nature of an order on application to review objections raised at an examination before trial" (id.). In a decision and order on motion dated March 31, 2023, this Court, among other things, denied that branch of the plaintiff's motion which was, in effect, for leave to appeal from so much of the July 2022 order as denied that branch of the plaintiff's motion which was for a protective order preventing her continued deposition. Accordingly, the appeal from so much of the July 2022 order as denied that branch of the plaintiff's motion which was for a protective order preventing her continued deposition must be dismissed.
"Disclosure in civil actions is generally governed by CPLR 3101(a), which directs: '[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof'" (Forman v Henkin, 30 NY3d 656, 661, quoting CPLR 3101[a]). "'[T]he words, "material and necessary", are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason'" (id., quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "Discovery determinations are discretionary, and the trial court possesses wide discretion to decide whether information sought is material and necessary to the prosecution or defense of an action" (Slapo v Winthrop Univ. Hosp., 186 AD3d 1281, 1283; see Vargas v Lee, 170 AD3d 1073, 1076). "[A]bsent an error of law or an improvident exercise of discretion, this Court will not disturb a trial court's discretionary discovery determination" (Slapo v Winthrop Univ. Hosp., 186 AD3d at 1283 [internal quotation marks omitted]).
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for a protective order precluding the production of certain content on on a certain Facebook page. The respondents' discovery request was appropriately tailored, as it only sought the contents of the plaintiff's posts to a bereavement support group on a certain Facebook page, and not the posts of others (see Forman v Henkin, 30 NY3d at 665).
The plaintiff's motion, which was denominated as one for leave to renew and reargue, was not based on new facts (see CPLR 2221[d][2]; Capital One Bank v Philips, 161 AD3d 1035, 1036). Therefore, it was, in actuality, a motion for leave to reargue, the denial of which is not appealable (see Brito v New York City Hous. Auth., 189 AD3d 1155, 1157; Diller v Munzer, 141 AD3d 630, 631). Accordingly, the appeal from the November 2022 order must be dismissed.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court