Gordon v Field (2026 NY Slip Op 00766)

Gordon v Field

2026 NY Slip Op 00766

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DONNA-MARIE E. GOLIA, JJ.

2024-03716
 (Index No. 609215/18)

[*1]Alex Gordon, et al., appellants, et al., plaintiffs,
vSimon Field, et al., respondents, et al., defendants.

Alex Gordon and Lana Gordon, Woodmere, NY, appellants pro se.
Sher Tremonte LLP, New York, NY (Michael Tremonte and Allegra A. Noonan of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiffs Alex Gordon and Lana Gordon appeal, and the plaintiff Anna Dykshteyn separately appeals, from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered January 5, 2024. The order, insofar as appealed from by the plaintiffs Alex Gordon and Lana Gordon, denied that branch of their motion which was, in effect, pursuant to CPLR 3104(d) to review so much of an order of the same court (John P. McEntee, Ref.) dated September 13, 2023, as denied their application, in effect, to reopen discovery to obtain documents withheld as privileged. The appeal by the plaintiff Anna Dykshteyn was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order entered January 5, 2024, is affirmed insofar as appealed from, with costs.
In 2018, the plaintiffs Alex Gordon and Lana Gordon (hereinafter together the Gordons) and another plaintiff commenced this action, inter alia, to recover damages for fraud. The Supreme Court appointed a referee to supervise disclosure pursuant to CPLR 3104. On July 27, 2021, the defendant Kim Volman produced a privilege log of documents withheld from disclosure (hereinafter the 2021 privilege log). In an order dated November 18, 2021, the referee directed the parties to complete all disclosure by January 31, 2022. On January 27, 2022, a nonparty attorney produced documents and a privilege log pursuant to a subpoena served by the plaintiffs (hereinafter the 2022 privilege log). In 2023, the referee conducted an in camera review of the documents listed in the 2022 privilege log and made determinations as to whether the documents were properly withheld as privileged.
In September 2023, the Gordons made an application to the referee, in effect, to reopen discovery for the purpose of obtaining documents withheld as privileged in the 2021 and 2022 privilege logs. In an order dated September 13, 2023, the referee, among other things, denied the application. The Gordons thereafter moved, inter alia, in effect, pursuant to CPLR 3104(d) to review so much of the order dated September 13, 2023, as denied their application. The Supreme Court denied that branch of the motion, and the Gordons appeal.
Pursuant to CPLR 3104(d), any party may make a motion to review a referee's order regarding disclosure. CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "However, unlimited disclosure is not mandated, and the rules provide that the court may issue a protective order denying, limiting, conditioning or regulating the use of any disclosure device to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (Slapo v Winthrop Univ. Hosp., 186 AD3d 1281, 1282-1283 [internal quotation marks omitted], citing CPLR 3103[a]; see Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799).
"The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d at 799 [internal quotation marks omitted]; see Slapo v Winthrop Univ. Hosp., 186 AD3d at 1283). Here, the Supreme Court providently exercised its discretion in denying that branch of the Gordons' motion which was, in effect, pursuant to CPLR 3104(d) to review so much of the order dated September 13, 2023, as denied their application, in effect, to reopen discovery to obtain documents withheld as privileged.
The Gordons' remaining contentions are without merit.
CHAMBERS, J.P., CHRISTOPHER, FORD and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court